IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE,                    CIV. S-12-163 JAM DAD

        Plaintiff,

    v.                                  STATUS (Pre-trial
                                        Scheduling) ORDER

REDLINE PERFORMANCE AUTO
DISMANTLING AND SALES, INC.
        Defendant.
_____/

        After review of the Joint Status Report, the court

makes the following order:

SERVICE OF PROCESS

    All parties defendant to this lawsuit have been served and

no further service will be permitted except with leave of court,

good cause having been shown.

JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

    No further joinder of parties or amendments to pleadings is

permitted except with leave of court, good cause having been

shown.

JURISDICTION AND VENUE

Jurisdiction and venue are not contested.

FICTITIOUSLY-NAMED DEFENDANTS

This action, including any counterclaims, cross-claims, and third party complaints is hereby DISMISSED as to all DOE or other fictitiously-named defendants.

MOTION HEARINGS SCHEDULES

All dispositive motions shall be filed by **August 14, 2013.** Hearing on such motions shall be on **September 11, 2013 at 9:30 a.m.  The parties are reminded of the notice requirements as outlined in Local Rule 230(b).**

The time deadline for dispositive motions does not apply to motions for continuances, temporary restraining orders or other emergency applications.

All purely legal issues are to be resolved by timely pre-trial motions.  The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence and are cautioned that the court will look with disfavor upon substantive motions presented at the final pre-trial conference or at trial in the guise of motions in limine.  The parties are further cautioned that if any legal issue which should have been tendered to the court by proper pre-trial motion requires resolution by the court after the established law and motion cut-off date, substantial sanctions may be assessed for the failure to file the appropriate pre-trial motion.

1   **Unless prior permission has been granted, memoranda of law**

2   **in support of and in opposition to motions are limited to twenty-**

3   **five (25) pages, and reply memoranda are limited to ten (10)**

4   **pages.  The parties are also cautioned against filing multiple**

5   **briefs to circumvent this rule.**

6                               DISCOVERY

7   All discovery shall be completed by **June 21, 2013.**  In this

8   context, "completed" means that all discovery shall have been

9   conducted so that all depositions have been taken and any

10  disputes relative to discovery shall have been resolved by

11  appropriate order if necessary and, where discovery has been

12  ordered, the order has been complied with.

13                   DISCLOSURE OF EXPERT WITNESSES

14  The parties shall make expert witness disclosures under

15  Fed. R. Civ. P. 26(a)(2) by **April 12, 2013.**  Supplemental

16  disclosure and disclosure of any rebuttal experts under

17  Fed. R. Civ. P. 26(a)(2)(c) shall be made by **April 19, 2013.**

18  Failure of a party to comply with the disclosure schedule as

19  set forth above in all likelihood will preclude that party from

20  calling the expert witness at the time of trial absent a showing

21  that the necessity for the witness could not have been reasonably

22  anticipated at the time the disclosures were ordered and that the

23  failure to make timely disclosure did not prejudice any other

24  party.  See Fed. R. Civ. P. 37(c).

25  All experts designated are to be fully prepared at the time

26  of designation to render an informed opinion, and give their

3

1  reasons therefore, so that they will be able to give full and

2  complete testimony at any deposition taken by the opposing

3  parties.  Experts will not be permitted to testify at the trial

4  as to any information gathered or evaluated, or opinion formed,

5  after deposition taken subsequent to designation.

6                    JOINT MID-LITIGATION STATEMENTS

7       Not later than fourteen (14) days prior to the close of

8  discovery, the parties shall file with the court a brief joint

9  statement summarizing all law and motion practice heard by the

10 court as of the date of the filing of the statement, whether the

11 court has disposed of the motion at the time the statement is

12 filed and served, and the likelihood that any further motions

13 will be noticed prior to the close of law and motion.  The filing

14 of this statement shall not relieve the parties or counsel of

15 their obligation to timely notice all appropriate motions as set

16 forth above.

17                    FINAL PRE-TRIAL CONFERENCE

18      The final pre-trial conference is set for **October 18, 2013**

19 **at 10:00 a.m.**  In each instance an attorney who will try the case

20 for a given party shall attend the final pretrial conference on

21 behalf of that party; provided, however, that if by reason of

22 illness or other unavoidable circumstance the trial attorney is

23 unable to attend, the attorney who attends in place of the trial

24 attorney shall have equal familiarity with the case and equal

25 authorization to make commitments on behalf of the client.  All

26 pro se parties must attend the pre-trial conference.

Counsel for all parties and all pro se parties are to be fully prepared for trial at the time of the pre-trial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  The parties shall file with the court, no later than seven days prior to the final pre-trial conference, a joint pre-trial statement. **Also at the time of filing the Joint Pretrial Statement, counsel are requested to e-mail the Joint Pretrial Statement in WPD or Word format to Judge Mendez's assistant, Jane Pratt at: jpratt@caed.uscourts.gov.**

Where the parties are unable to agree as to what legal or factual issues are properly before the court for trial, they should nevertheless list all issues asserted by any of the parties and indicate by appropriate footnotes the disputes concerning such issues.  The provisions of Local Rule 16-281 shall, however, apply with respect to the matters to be included in the joint pre-trial statement.  Failure to comply with Local Rule 16-281, as modified herein, may be grounds for sanctions.

The parties are reminded that pursuant to Local Rule 16-281(b)(10) and (11) they are required to list in the final pre-trial statement all witnesses and exhibits they propose to offer at trial, no matter for what purpose.  These lists shall not be contained in the body of the final pre-trial statement itself, but shall be attached as separate documents so that the court may attach them as an addendum to the final pre-trial order.  The final pre-trial order will contain a stringent

standard for the offering at trial of witnesses and exhibits not listed in the final pre-trial order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

The parties are also reminded that pursuant to Rule 16, Fed. R. Civ. P., it will be their duty at the final pre-trial conference to aid the court in: (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the joint pre-trial statement and participate in good faith at the final pre-trial conference with these aims in mind.  A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

<u>TRIAL SETTING</u>

Jury trial in this matter is set for **December 2, 2013 at 9:00 a.m.**  The parties estimate a trial length of approximately 4 to 8 days.

1        SETTLEMENT CONFERENCE

2        No Settlement Conference is currently scheduled.  If the

3    parties wish to have a settlement conference, one will be

4    scheduled at the final pretrial conference or at an earlier time

5    upon request of the parties.

6

7        OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

8        This Status Order will become final without further Order of

9    Court unless objection is lodged within seven (7) days of the

10   date of the filing of this Order.

11       IT IS SO ORDERED.

12   Dated: April 9, 2012

13
                                    /s/ John A. Mendez
14                                  JOHN A. MENDEZ
                                    United States District Court Judge
15

16

17

18

19

20

21

22

23

24

25

26